UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KLEIDMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>BERNIE MURPHY, and others,<br><br>        Defendants. | Case No. 22-cv-06355-NC<br><br>**ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 5 |

Plaintiff Peter Kleidman filed this action in federal court on October 21, 2022. Plaintiff failed to plead the domiciles of himself and Defendant Leslie Quist to establish diversity jurisdiction. The Court ordered Plaintiff to show cause as to why the action should not be dismissed for lack of subject matter jurisdiction. *See* ECF 4. Plaintiff filed a response to the Court's order stating that he is "a resident of New England." ECF 5 ¶ 3. This response remains inadequate to establish the Court's jurisdiction. Therefore, the Court ORDERS Plaintiff to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of

$75,000. Complete diversity of citizenship means that "each of the plaintiffs must be a citizen of a different *state* than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) (emphasis added). State citizenship is determined by their state of domicile, meaning the location of the person's permanent home where they intend to remain or which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)

Here, Plaintiff still fails to allege his state of domicile. As enumerated in the statute and caselaw, Plaintiff must allege his *state* of domicile, not general geographic region. Beyond establishing the Court's jurisdiction, this requirement serves a practical purpose in this case. On one hand, Plaintiff's complaint lists an address in Stamford, Connecticut. ECF 1 at 1. On the other hand, the case's ECF page lists Plaintiff's address as 9450 SW Gemini Dr., Suite 84874, Beaverton, Oregon 97008. Based on this ambiguity, the Court, as well as Defendants, require clarity on Plaintiff's domicile.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to why this action should not be dismissed for lack of subject matter jurisdiction by providing the location of his present domicile. Plaintiff must show cause in writing by December 19, 2022. Because Plaintiff is not represented by counsel, he may wish to seek assistance from the Federal Pro Se Program by calling 408-297-1480. Defendants are not required to respond to the Complaint pending disposition of this Order to Show Cause.

**IT IS SO ORDERED.**

Dated:  December 5, 2022   _____
NATHANAEL M. COUSINS
United States Magistrate Judge