UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KLEIDMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>BERNIE MURPHY, et al.,<br><br>        Defendants. | Case No. 22-cv-06355-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 57, 60, 69, 101 |

Pending before the Court are Defendants' motions to dismiss Plaintiff Peter Kleidman's ("Plaintiff" or "Kleidman") complaint, motion to declare Plaintiff a vexatious litigant, and motion for sanctions. Dkt. Nos. 57, 60, 69, 101. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motions to dismiss and motion to declare Plaintiff a vexatious litigant and **DENIES** the motion for sanctions.

**I.    REQUEST FOR JUDICIAL NOTICE**

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit addressed the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation and quotations omitted). The Ninth Circuit has held that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id.* at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its

truth." *Id.* As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id.* at 999–1000.

Citing Federal Rule of Evidence 201, Defendant requests that the Court take judicial notice of records in three other cases filed by Plaintiff and attaches Exhibits 1-50 and Exhibit A, which are orders, complaints, motions, and opinions issued in several cases and appeals filed by Plaintiff. *See* Dkt. No. 26, 75, 89. The Court **GRANTS** Defendant's request and takes judicial notice of 1) the fact that these cases and documents were filed, and 2) of any judicial findings contained in them. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

## II. BACKGROUND

This is not the first case that Plaintiff has brought against these Defendants.[1] Plaintiff first sued the directors and officers of Feeva Technology Inc. ("Feeva") and current Defendants Shah, Murphy, Maidy, Cox, Pichinson, Robert Quist,[2] and Sherwood Partners in *Kleidman v. Shah* ("*Shah*"), alleging that Feeva's assets were sold for insufficient funds and later seeking to disqualify Mr. Gaskin as representative of U.S. Specialty Insurance Company ("U.S. Specialty"). Ex. 2, 4. U.S. Specialty became involved in the case when Plaintiff sued it, asserting that U.S. Specialty "is acting unlawfully in providing a defense for its Insureds" in the *Shah* case. Ex. 3 at 2. In both *Shah* and *Kleidman v. U.S. Specialty Ins. Co.*, No. 5:14-CV-05158 HRL, 2015 WL 556409, at *4 (N.D. Cal. Feb. 10, 2015) ("*U.S. Specialty*"), the courts found Plaintiff's argument seeking to disqualify Mr. Gaskin meritless. *Kleidman v. Feeva Tech., Inc.*, No. H041738, 2021

---

[1] Defendants in this case include Jonathan Gaskin, Bernie Murphy, Michael Maidy, Timothy Cox, Martin Pichinson, Sherwood Partners, Inc., U.S. Specialty Insurance Company, and Leslie Quist.
[2] Robert Quist is now deceased, and his partner Leslie Quist is named as a defendant. Dkt. No. 24 at 8.

United States District Court
Northern District of California

WL 1624979, at *2 (Cal. Ct. App. Apr. 27, 2021); Ex. 6.

In March 2015, while both *Shah* and *U.S. Specialty* were on appeal, Plaintiff participated in mediation that resulted in a mutually agreed-upon settlement (the "Settlement Agreement") between all parties resolving the *Shah* and *U.S. Specialty* cases. Ex. 8. The Settlement Agreement provided that Plaintiff "knowingly and voluntarily release[d] and forever discharge[d] each Defendant . . . from any and all past, existing and/or future claims, suits, obligations, debts, liabilities, demands, fees, costs, expenses, payments, judgments, damages actions and causes of action, of whatever kind or nature, whether known or unknown" that he and his related parties "ever had, now have, or may have, from the beginning of the world to the date of this Agreement," with the exception of claims for breach of the Settlement Agreement. *Id.* at 2. Other than Leslie Quist and Jonathan Gaskin, all of the Defendants named in this case were parties to the Settlement Agreement. *Id.* at 1. Robert Quist, Leslie Quist's late partner, was also a party to the agreement. *Id.* And Plaintiff too was a party to the agreement, and his signature appears on it. *Id.* at 5. Plaintiff later attempted to revoke his signature on the grounds that he "changed his mind." Ex. 15 at 2. The *Shah* court ultimately issued an order requiring Kleidman to comply with the settlement agreement. Ex. 9.

In June 2020, California's Sixth District Court of Appeal found that the superior court in *Shah* erred in "in granting the motion to enforce the settlement agreement under section 664.6" because Defendants did not establish that the personal signatures of all parties were on the agreement. *Kleidman v. Shah*, No. H042565, 2020 WL 3496764, at *1 (Cal. Ct. App. June 29, 2020). The Court held that Defendants' failure to personally sign the agreement "means that they may not benefit from the economy of section 664.6's enforcement." *See id.* The *U.S. Specialty* case was held in abeyance by the Ninth Circuit pending a determination of the settlement's validity in *Shah*. Ex. 10.

In April 2021, the Sixth District Court of Appeal affirmed the *Shah* court's denial of Kleidman's motion to disqualify Mr. Gaskin because U.S. Specialty had authority to "associate in the defense" of its insureds per its insurance contract, meaning U.S. Specialty had the right to engage an attorney to defend and negotiate the claims. *Feeva*, No. H041738, 2021 WL 1624979,

3

at *2. In June 2021, Defendants and Kleidman signed a joint stipulation agreeing that "the [Fourth Amended Complaint] and other proceedings regarding the [validity and enforcement of the settlement agreement] shall be stayed." Ex. 11 at 4. On the same day, Plaintiff filed a new complaint in *Kleidman v. Elia*, 21CV384873 (Cal. Super. Ct., Santa Clara Cty.) ("*Elia*"), seeking to declare the settlement agreement invalid because "Mr. Gaskin's signature does not legitimately, validly bind Feeva." Ex. 12 ¶¶ 3-7. Subsequently, Kleidman filed a demurrer to a cross-complaint contending that *Shah* should be stayed pending *Elia*. Ex. 14. Kleidman also attempted to join U.S. Specialty as a party in *Shah*. *Id.* The *Shah* Court denied Plaintiff's demurrer and stated that it viewed "the *Elia* action as the second action and thus if any action is subject to being abated, it is that one." Ex. 15 at 5-6.

In contravention of the *Shah* Court's 2021 decision barring discovery regarding Gaskin's role as defense counsel for U.S. Specialty, Kleidman served a non-party subpoena seeking discovery as to U.S. Specialty. Ex. 17. The *Shah* court denied the motion and granted a protective order. Ex. 17; *Feeva*, No. H041738, 2021 WL 1624979. In a separate matter in January 2022, the Los Angeles Superior Court declared Plaintiff a vexatious litigant. Ex. 20. In January 2023, the *Elia* Court found that Kleidman's claims are barred by "collateral estoppel / res judicata, absolute judicial immunity, and the litigation privilege." Ex. 19 at 13. In March 2023, the *Elia* court also declared Plaintiff a vexatious litigant. Dkt No. 75, Ex. 49.

In October 2022, Kleidman filed the present Complaint, which he amended in February 2023. Dkt. No. 1, 43 ("FAC"). Kleidman seeks declaratory relief that the settlement agreement is not valid because individuals improperly signed as purported representatives and did not bind the parties. FAC ¶¶ 15-21. In addition to again challenging Mr. Gaskin's representation, Kleidman also challenges Alan Martini's representation of Robert Quist and Defendant Murphy's representation of six parties to the Settlement Agreement. *See id.* Additionally, Plaintiff asserts due process, equal protection, and declaratory and injunctive relief claims against Chief Justice Guerrero, Justice Greenwood, and Justice Lui. FAC ¶¶ 26-82. Plaintiff also brings an Action on Judgment claim against U.S. Specialty related to *U.S. Specialty*. FAC ¶¶ 83-87. And Plaintiff claims violations of due process and equal protection by all Defendants. FAC ¶¶ 88-90.

## III. MOTIONS TO DISMISS

Defendants argue that Plaintiff's federal causes of action are barred by res judicata and collateral estoppel, the applicable statute of limitations, and a lack of standing, and also contends that Kleidman fails to state a claim. *See* Dkt. No. 69 ("Mot") at 1-2. Defendants also argue that Plaintiff's claims against Chief Justice Guerrero, Justice Lui, and Justice Greenwood ("Judicial Defendants") are barred on jurisdictional grounds and fail to state a claim. *See* Dkt. No. 101 at 1-2. Because the Court finds that Plaintiff's claims against Judicial Defendants are barred by sovereign immunity and fail to state a claim, that Plaintiff lacks standing against Martini and Murphy, and that res judicata is otherwise dispositive, the Court does not reach Defendants' alternative arguments.

### A. Judicial Defendants' Motion To Dismiss

#### i. Plaintiff's Claims Against Justices Greenwood And Lui Are Barred by Sovereign Immunity

"[T]he Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). Plaintiff does not dispute that he is suing Justices Greenwood and Lui in their official capacity, and each claim against them accordingly fails. *See Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900, 211 L. Ed. 2d 606 (2022) (holding that sovereign immunity bars plaintiff's claim against a state court judge because the Eleventh Amendment applies to a state court judge being sued in his official capacity). The *Ex Parte Young* exception to sovereign immunity is inapplicable to Plaintiff's claims because he does not allege any cognizable violation of federal law. *See* FAC ¶¶ 53-82, 88-90; *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Accordingly, all claims against Justices Greenwood and Lui are dismissed without leave to amend on sovereign immunity grounds.[3]

#### ii. Plaintiff's Claims Against Chief Justice Guerrero Fail To State a Claim

In Counts 4 through 10, Plaintiff sues Chief Justice Guerrero in her capacity as the

---

[3] Because the Court finds that Counts 11-14 and 16 are barred by the Eleventh Amendment, the Court need not reach Defendants' lack of standing or *Rooker-Feldman* arguments. *See* Dkt. No. 101 at 7-11.

Chairperson of the Judicial Council of California, arguing that California's vexatious litigant statute ("VLS") violates equal protection and due process. Dkt. No. 101 at 11-16.

As an initial matter, it appears to the Court that controlling Ninth Circuit law directly forecloses Plaintiff's arguments. In *Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007), the Ninth Circuit noted that "[a] long line of California decisions upholds this statutory scheme against constitutional challenges similar to Wolfe's," and concluded that "[w]e see no reason to disagree with them." Applying rational basis review, the court found that the VLS is rationally related to two legitimate state purposes: (1) "vexatious litigants tie up a great deal of a court's time, denying that time to litigants with substantial cases," and (2) "the state has an interest in protecting defendants from harassment by frivolous litigation, just as it has an interest in protecting people from stalking." *Id.* at 1126. The Ninth Circuit held that the VLS "does not deprive [the plaintiff there] of the opportunity to vindicate a fundamental right in court." *Id.* The court held that the VLS "is not unconstitutionally vague, because it gives fair notice to those who might violate the statute." *Id.* at 1125 (internal quotations and citation omitted). And the court directly held that the VLS "does not violate equal protection." *Id.* Plaintiff argues that *Wolfe* "is unsound and should not be followed," Dkt. No. 108 at 10, but that argument misunderstands the reality that this Court is bound to follow controlling Ninth Circuit precedent, which *Wolfe* is.

Regardless, even if some aspects of Plaintiff's claim could be argued to fall outside of *Wolfe*'s holding, those would fail as well. Plaintiff's suggestion of placing the VLS list under seal, Dkt. No. 108 at 6, or screening all litigation, FAC ¶ 43, for example, does not make out any constitutional violation because "[i]f the classification has some reasonable basis, it does not offend the Constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality." *See City of Dallas v. Stanglin*, 490 U.S. 19, 26 (1989) (citation and quotations omitted). And Counts 5 and 8 claiming that the VLS causes judicial bias states no constitutional claim either: "[t]rial judges are presumed to know the law and to apply it in making their decisions." *Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

Accordingly, all of Plaintiff's claims against Chief Justice Guerrero are dismissed without

leave to amend.

### B. U.S. Specialty's Motion To Dismiss

#### i. Plaintiff Standing As To Martini and Murphy

Plaintiff's claims of improper representation against Martini and Murphy fail because, as Plaintiff has already been informed, he lacks standing to challenge the relationship between the *Shah* Defendants and their representatives. *See* Ex. 6 at 4 (holding that Kleidman lacks standing to challenge U.S. Specialty's contractual obligations because "Kleidman is not an insured under that insurance policy" and is not "seeking relief on behalf of any insureds"). Even accepting Plaintiff's allegations as true, Plaintiff cannot void the Settlement Agreement because of a purportedly invalid assignment that does not alter his obligations under the agreement. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 820 (2016) (dismissing a claim of invalid assignment because it did not alter the plaintiff's payment obligations); *see also Ancheta v. Mortg. Elec. Registration Sys., Inc.*, No. 16-CV-06520-YGR, 2017 WL 3033630, at *3 (N.D. Cal. July 18, 2017), *aff'd*, 730 F. App'x 509 (9th Cir. 2018) (finding that plaintiff lacked standing to challenge an agent's assignment because she existed "outside [the] proper agency relationship" and the agreement was "merely voidable at the election of the parties to the assignment"). Accordingly, Plaintiff's claims challenging the purported invalid assignment of Martini and Murphy are dismissed for lack of standing without leave to amend.

#### ii. Res Judicata

Res judicata, also known as claim preclusion, limits the ability of litigants to relitigate matters. The doctrine "serves to promote judicial efficiency by preventing multiple lawsuits and to enable the parties to rely on the finality of adjudications." *Dodd v. Hood River County*, 136 F.3d 1219, 1224–25 (9th Cir. 1998). Res judicata applies where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation omitted). Where these factors are met, res judicata not only bars claims that were actually adjudicated in the prior action, but also all claims that could have been raised in that action. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Here, the Court finds that all three requirements for res

7

judicata are satisfied.

### a. Identity of Claims

Courts determine whether there is an identity of claims by assessing four factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis omitted) (quotation omitted). The first of these factors is the most important. *See Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012).

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine*, 609 F.3d at 968 (emphasis omitted) (quotations omitted). The Ninth Circuit has explained that although "[a] plaintiff need not bring every possible claim," "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island*, 673 F.3d at 918.

Here, the present case and the *Shah*, *U.S. Specialty,* and *Elia* cases clearly "arise out of the same transactional nucleus of facts." *See ProShipLine*, 609 F.3d at 968. In fact, a large portion of the allegations in the complaints are nearly identical. In all four cases, Plaintiff alleges that the Settlement Agreement is invalid because not all of the signatures, executed in purported representative capacities, actually bind the represented people. FAC ¶ 16. Plaintiff admits as much in his opposition brief. *See* Dkt. 82 at 16-19, 27 (characterizing the *Shah* and *Elia* cases as challenging the Settlement Agreement as invalid because representatives allegedly improperly signed on behalf of parties).

Additionally, Plaintiff alleges that Murphy and Martini improperly signed on behalf of seven other people without actually binding them. FAC ¶¶17-18. The addition of Martini and Murphy does not alter the identify of claims among the cases because those claims are premised

8

1   on the same underlying Settlement Agreement. *See* Dkt. No. 82 ("The issues in Counts 1, 2 are
2   whether Messrs. Gaskin's, Murphy's, Martini's signatures (executed in putative representative
3   capacities) validly bind the persons they profess to represent at the signature blocks of the
4   [Settlement Agreement]."). There are thus no new factual developments underlying these claims.
5   In any event, to the extent the claims concerning Murphy and Martini may be considered new to
6   this case, Plaintiff could have brought these claims in *Shah*, *U.S. Specialty*, and *Elia.*
7       Plaintiff relies heavily on his belief that there is no final judgment on the merits and that
8   U.S. Specialty never proved that Mr. Gaskin's signature bound Feeva, but this is irrelevant in
9   assessing the identify of claims. *See* Dkt. No. 82 at 12-19. As explained above, this case does not
10  raise new claims or present new allegations that could not have been brought in Plaintiff's
11  previous litigation, and this factor is satisfied.

### b. Identity of Parties

The cases also involve the same parties. The *Shah* and *Elia* cases were filed by Peter Kleidman, and Kleidman is the Plaintiff in this case. This is the third lawsuit against Defendants Maidy, Cox, Murphy, Pichinson, and Sherwood Partners Inc., as well as the second lawsuit against U.S. Specialty. *See* FAC; *see also* Ex. 2, 3, 12.[4] The addition of Gaskin is not dispositive because res judicata may apply where there is "privity between parties." *Ruiz*, 824 F.3d at 1164. Privity is a flexible concept that "exists when a party is so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *See Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143, n.3 (9th Cir. 2002). Because Gaskin had a unity of interest with Feeva in *Shah* when Kleidman filed a motion seeking an order barring the law firm Kaufhold Gaskin LLP from representing Feeva, this factor is satisfied. *See Feeva*, No. H041738, 2021 WL 1624979, at *2.

### c. Final Adjudication of Merits

As noted above, Plaintiff's claims have been dismissed in *Shah*, *Elia*, and *U.S. Specialty*.

---

[4] As explained above, the addition of Martini for purported invalid assignment related to Robert Quist and the addition of the Judicial Defendants is irrelevant because Plaintiff lacks standing against Martini and the claims against the Judicial Defendants are barred.

9

1    Plaintiff nevertheless argues that the decisions were not final judgments. Plaintiff's argument that
2    these are not "final judgments on the merits" is simply wrong as a matter of law. *See* Dkt. No. 82
3    at 12-19.
4            As an initial matter, the court in *U.S. Specialty* dismissed Plaintiff's claims with prejudice
5    based on lack of standing and collateral estoppel, even informing Plaintiff that "there is nothing to
6    suggest that [*Shah*] was anything other than a decision on the merits." Ex. 6. "Final judgment on
7    the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S.*
8    *Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (cleaned up); *Stewart v. U.S. Bancorp*, 297 F.3d
9    953, 956 (9th Cir. 2002). Therefore, Kleidman is barred from challenging U.S. Specialty's
10   "tender of the defense of the [*Shah* case]," including seeking to disqualify Mr. Gaskin's law firm
11   in the litigation. *See* Ex. 6.
12           In *Shah*, the California Sixth District Court of Appeal affirmed the trial court's finding that
13   the Kaufhold Gaskin law firm had the authority to act as the attorney for Feeva. *Feeva*, No.
14   H041738, 2021 WL 1624979, at *1. The *Elia* Court found that the *Shah* October 2014 order was
15   a final judgment on the merits because it was affirmed by the Sixth District and Plaintiff did not
16   petition the California Supreme Court for review. Ex. 19 at 9. The *Elia* court additionally held
17   that Kleidman's other claims against judges and the judicial branch were barred by absolute
18   judicial immunity and the litigation privilege. *Id.* at 13. A final judgment may be deemed
19   "sufficiently firm to be accorded conclusive effect" when (1) the decision was not avowedly
20   tentative; (2) the parties were fully heard; (3) the court supported its decision with a reasoned
21   opinion; and (4) the decision was subject to an appeal. *Border Bus. Park, Inc. v. City of San*
22   *Diego*, 142 Cal. App. 4th 1538, 1565 (2006). Accordingly, because the *Feeva* order was not
23   tentative, the parties were fully heard, the court issued a reasoned opinion, and the decision was
24   subject to appeal, the *Feeva* order was a final judgment on the merits. *See id*. The California
25   Sixth District Court of Appeal summarized its prior rulings in another *Shah* appeal in May 2023,
26   holding that "[t]his court rejected Kleidman's argument, stating that the contract allowed [U.S.
27   Specialty] to associate in the defense of any claim even if there was no tender, and found no merit
28   to Kleidman's other claims." Ex. A at 3. Plaintiff chose to not appeal *Feeva*, No. H041738, 2021

WL 1624979.

The Ninth Circuit has explained that "once an *issue* is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." *Kamilche Co. v. United States*, 53 F.3d 1059, 1063 (9th Cir. 1995), *opinion amended on reh'g sub nom. Kamilche v. United States*, 75 F.3d 1391 (9th Cir. 1996) (emphasis in original). Kleidman has had ample opportunity to explain why the Settlement Agreement was invalid and failed to do so in multiple courts. Application of res judicata in this circumstance thus serves the central purposes of "protect[ing] [the prevailing party] from the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979).

\* \* \*

The Court **GRANTS** the Judicial Defendants' motion to dismiss the federal claims based on sovereign immunity and failure to state a claim. The Court also **GRANTS** U.S. Specialty's motion to dismiss for lack of standing against Murphy and Martini, and on res judicata grounds otherwise. Because granting leave to amend would be futile in light of the lengthy and determinative record here, the dismissal is without leave to amend.

## IV.    MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT

### A.    Legal Standard

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). At the same time, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

The Ninth Circuit has adopted a four-factor test to determine whether a pre-filing review

order is warranted. Specifically, a pre-filing review order may be appropriate if: (1) the plaintiff was given adequate notice and an opportunity to oppose the order; (2) there is an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1057. The Court will address each factor respectively.

### i. Notice and Opportunity To Be Heard

Plaintiff was given adequate notice and an opportunity to be heard because Defendants filed the motion to declare Plaintiff a vexatious litigant, and Plaintiff filed an opposition to the motion. *See* Dkt. No. 59. The notice requirement has thus been satisfied.

### ii. Adequate Record for Review

The second requirement is that the Court compile an adequate record for review. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Molski*, 500 F.3d at 1059. As detailed in Section I above, Plaintiff has repeatedly filed cases and motions against Defendants relating to a settlement agreement with Defendants and underlying prior litigation concerning Plaintiff's investment in Feeva, and keeps filing cases even after repeatedly losing. The Court highlights the following:

- In October 2014, the *Shah* court denied Kleidman's motion to disqualify Mr. Gaskin as improperly appointed. Dkt. Ex. 5.
- In February 2015, the *U.S. Specialty* court dismissed Kleidman's lawsuit against U.S. Specialty based on collateral estoppel grounds without leave to amend. Ex. 6.
- In April 2021, the California Sixth District of Appeal affirmed *Shah's* holding that Kaufhold Gaskin had the authority to represent Feeva. *Feeva*, No. H041738, 2021 WL 1624979, at *2.
- In January 2023, the *Elia* Court ruled against Kleidman as to his claims against several judges based on judicial immunity, litigation privilege, and statutory privilege, finding that Kleidman's arguments were barred by res judicata and collateral estoppel. Ex. 19.

- Plaintiff then filed the present action, seeking to litigate many of the same issues against many of the same Defendants. Dkt. No. 1.
- In March 2023, the *Elia* court again declared Plaintiff a vexatious litigant. Dkt No. 75, Ex. 49.

Accordingly, given the record in Plaintiff's prior actions against Defendants, and the record on file in the current case, the Court concludes the record is adequate for review. *Molski*, 500 F.3d at 1057.

### iii. Substantive Findings as to Frivolous or Harassing Nature of Plaintiff's Litigation

An injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Instead, "[t]o decide whether the litigant's actions are frivolous or harassing, the district court must look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059.

Although the number of separate cases here does not necessarily establish vexatiousness, the meritless nature of the claims and motions does. As noted above, Plaintiff has filed nearly identical arguments against Defendants before the courts in *Shah*, *Elia, U.S. Specialty* and here seeking to declare the Settlement Agreement invalid based on allegedly improper representation. Even assuming the *Shah*, *Elia* and *U.S. Specialty* cases were not frivolous or harassing when filed, Plaintiff continues to fail to acknowledge the legal effect of numerous prior court orders, instead arguing this court should ignore those rulings because none are final adjudications on the merits. Dkt. No. 59 at 8-11. Refusing to recognize and follow all of these orders is frivolous and harassing.

Plaintiff has caused needless expense to Defendants and has imposed an unnecessary burden on the courts by ignoring the legal effect of the prior dismissals. And absent a pre-filing order, there is every indication from the record—including the opposition to this motion—that Plaintiff will continue to harass Defendants. The Court therefore finds that Plaintiff's conduct against Defendants has been both frivolous and harassing.

### iv. Narrowly Tailored Order

As to the fourth factor, Defendants request an order requiring the following:

> U.S. Specialty therefore respectfully requests that Kleidman be declared a vexatious litigant and be prohibited from filing future lawsuits against Feeva, the other parties to the underlying litigation, U.S. Specialty, and/or any officers, directors, employees, representatives, or counsel for any of the same, arising out of or relating to the underlying litigation, any of the facts, circumstances, transactions or events alleged in the underlying litigation, and/or the settlement agreement, without this Court's pre-filing approval, including without limitation any claims seeking to recover his investment in Feeva, claims held currently or formerly by third parties against Feeva which arose prior to Feeva's assignment for the benefit of creditors, challenging any aspect of Feeva's assignment for the benefit of creditors, or pertaining to U.S. Specialty's role in appointing counsel to defend Feeva against his lawsuits.

*See* Dkt. No. 25 at 2. Given the totality of the circumstances, the Court finds that such an order is appropriate, and is narrowly tailored to address Plaintiff's repeated filings regarding the same underlying facts and theories. *See Molski*, 500 F.3d at 1064.

\* \* \*

Accordingly, the motion to declare Plaintiff a vexatious litigant is **GRANTED**. Plaintiff is declared a vexatious litigant and ordered to obtain leave of Court before filing or causing to be filed any new action in this District meeting the description set forth below.

## V.     MOTION FOR SANCTIONS

Defendants seek sanctions against Plaintiff (who is representing himself) under Federal Rule of Civil Procedure 11 for filing a complaint that is meritless and repeats prior lawsuits in which Plaintiff has already lost the identical issue. *See* Dkt. No. 60. Specifically, Defendants seek sanctions, including attorneys' fees and/or a monetary penalty, as well as injunctive relief barring Plaintiff from filing any pro se complaints in federal or state court against related to this or the underlying litigation. *See id.* at 21. As the basis for their motion, Defendants reiterate the arguments made in their dismissal motion and motion to declare Plaintiff a vexatious litigant, and reference events arising out of *Shah, U.S. Specialty*, and *Elia* to support their contention that the complaint is factually baseless and shows that Plaintiff is undeterred by repeatedly losing on the merits.

The Court has considered Defendants' arguments and DENIES the motion in its discretion.

14

### VI.  CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss (Dkt. No. 69, 101) without leave to amend, **GRANTS** the motion to declare Plaintiff a vexatious litigant (Dkt. No. 57) and **DENIES** the motion for sanctions (Dkt. No. 60).  This order also terminates Dkt. Nos. 25, 71, and 97.

The Clerk of this Court may not file or accept without the Court's pre-filing approval any further complaint filed by or on behalf of Plaintiff Peter Kleidman if the complaint is brought against Feeva, the other parties to the underlying litigation, U.S. Specialty, and/or any officers, directors, employees, representatives, or counsel for any of the same, and arises out of or relates to the underlying litigation against Feeva described in this order, any of the facts, circumstances, transactions or events alleged in that underlying litigation and/or the Settlement Agreement, including without limitation any claims seeking to recover his investment in Feeva, claims held currently or formerly by third parties against Feeva which arose prior to Feeva's assignment for the benefit of creditors, challenging any aspect of Feeva's assignment for the benefit of creditors, or pertaining to U.S. Specialty's role in appointing counsel to defend Feeva against his lawsuits.

If Plaintiff wishes to file a complaint regarding these subjects, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court.  The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing.

Plaintiff is warned that any violation of this Order will expose him to contempt proceedings and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated:  9/25/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge