UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RENEE KELLY,<br><br>Plaintiff,<br><br>v.<br><br>CUBESMART, et al.,<br><br>Defendants. | Case No. 22-cv-05470-HSG<br><br>**ORDER** |

The Court respectfully encourages Plaintiff Cynthia Kelly to reconsider her stated intention not to "participate" in the prosecution of her own case. *See, e.g,* Dkt. No. 121 at 2-3. The Court understands, and respects, that Plaintiff disagrees with the Court's order dismissing some of her claims (while allowing others to proceed). Plaintiff will have every opportunity to challenge those rulings and any others that the Court makes on appeal at the end of the case when there is a final judgment. But disagreeing with the Court's order on the motion to dismiss is not a basis for refusing to comply with it, and that order is not immediately appealable as a matter of law, which is why the Ninth Circuit dismissed Plaintiff's appeal. The United States Supreme Court is not going to grant review at this point either, for the same reason.

What all of this means is that if Plaintiff wants to pursue her case, she has to follow the Court's orders, including the order directing the parties to appear at the case management conference. At that conference, the Court will work with the parties to set a schedule for the case through trial. Plaintiff also will need to participate in discovery, which will include sitting for a deposition, conducting depositions of Defendants' witnesses, and producing documents and other materials as required by the Federal Rules of Civil Procedure.

The Court again encourages Plaintiff to consult with the Court's Legal Help Center, which provides free information and limited-scope legal advice to pro se litigants in civil cases. The

center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer. Services are provided by appointment only. An appointment may be scheduled by calling (415) 782-8982 or emailing fedpro@sfbar.org.

This case can only move forward if both parties fulfill their obligations to follow the Court's orders and the applicable rules. The Court continued the case management conference for three weeks, to November 14, 2023, to give Plaintiff an opportunity to consider whether she is prepared to do this. *See* Dkt. No. 123. If Plaintiff wants to pursue this lawsuit, she, like counsel for the Defendants, is required to participate in this conference, and to otherwise follow the Court's orders, its local rules and the Rules of Civil Procedure, including by submitting a case management statement by November 7, 2023. There is no constitutional right, under the Fifth or Fourteenth Amendments or otherwise, not to follow the rules that apply to all litigants in this Court.

The Court provides this one last notice that if Plaintiff continues to "decline to participate" (i.e., continues to refuse to follow the Court's orders and rules), including by failing to appear at the November 14, 2023 case management conference, her case will be dismissed for failure to prosecute. The Court genuinely hopes that it will not come to that.

**IT IS SO ORDERED.**

Dated: 10/20/23

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge